Argued and submitted November 22, 1993, affirmed February 2, 1994

## NORTHWEST PINE PRODUCTS, INC.,
an Oregon corporation,
*Appellant,*

*v.*

## CUMMINS NORTHWEST, INC.,
a Washington corporation,
*Respondent,*

*and*

## BENDIX HEAVY VEHICLE SYSTEM,
Allied Signal, Inc., a Delaware corporation,
and John Does 1 Through 10,
*Defendants.*

(91CV0056 ST; CA A77252)

868 P2d 21

Appeal from Circuit Court, Deschutes County.

Stephen N. Tiktin, Judge.

Kevin Keaney argued the cause for appellant. With him on the briefs was Pozzi, Wilson, Atchison, O'Leary & Conboy.

J. William Ashbaugh argued the cause for respondent. With him on the brief were G. Kenneth Shiroishi and Dunn, Carney, Allen, Higgins & Tongue.

Before Deits, Presiding Judge, and Riggs, Judge, and Durham, Judge pro tempore.

RIGGS, J.

**RIGGS, J.**

Plaintiff, a wood products business, appeals from a judgment dismissing its claims for lost profits against Cummins Northwest, Inc. (defendant), a diesel engine supplier. We affirm.

In December, 1988, defendant installed a compressor in plaintiff's wood chipper. Sometime in 1988, after the compressor was purchased and installed, defendant sent plaintiff a billing invoice. The back of the billing invoice contained two forms of disclaimer:

"WARRANTY

"Except as provided herein THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE by CUMMINS NORTHWEST, INC. [defendant] with respect to any materials or services. No person is authorized to bind CUMMINS NORTHWEST, INC. for any other warranty.

"* * * * *

"LIMITATIONS OF LIABILITY

"None of the above warranties apply to failures which in the opinion of CUMMINS result from (1) any engine or component that has been subject to overspeeding, misuse, negligence, or accident, (2) any engine or component previously repaired or altered by anyone not an authorized Cummins Distributor or Dealer which adversely affects it, (3) any part improperly applied or installed by anyone other than CUMMINS, (4) use of any part not manufactured or approved by CUMMINS, (5) normal maintenance service including, without limitation, engine tune-up, and repair or replacement of filters and belts.

"ANY LIABILITY OF CUMMINS ARISING OUT OF ANY MATERIAL OR SERVICES PROVIDED HEREUNDER SHALL NOT EXCEED THE COST OF CORRECTING OR REPLACING SUCH DEFECTIVE MATERIALS OR SERVICES IN ACCORDANCE WITH THE AFOREMENTIONED WARRANTIES. IN NO EVENT SHALL CUMMINS BE LIABLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING, WITHOUT LIMITATION, TOWING OR OTHER TRANSPORTATION CHARGES, LOSS OF REVENUE, OR LOSS OF USE."

On March 8, 1989, defendant repaired the compressor. Within hours, it exploded and crippled the wood chipper. Plaintiff seeks lost operating profits of $525,000 for the time the wood chipper was being repaired. On defendant's motion for summary judgment, the trial court found that the first disclaimer, under the section titled "Warranty," was inconspicuous, but that the second disclaimer, under the section titled "Limitation of Liability," was conspicuous as a matter of law, ORS 71.2010(10), and barred plaintiff's claims for lost profits.

■    On appeal, plaintiff argues that the court erred when it granted summary judgment, because if the first disclaimer was inconspicuous as a matter of law, then the second disclaimer was also inconspicuous. ORS 71.2010(10) provides the statutory definition of the term "conspicuous":

> "A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals * * * is conspicuous. Language in the body of a form is 'conspicuous' if it is in larger or other contrasting type or color. * * * Whether a term or clause is 'conspicuous' or not is for decision by the court."

Whether a disclaimer is conspicuous is a question of law. *Duyck v. Northwest Chemical Corp.*, 94 Or App 111, 116, 764 P2d 943 (1988), *rev den* 307 Or 405 (1989).

■    Our analysis of defendant's argument begins with the appearance of the first disclaimer and the surrounding text, and whether it is "so written that a reasonable person against whom it is to operate ought to have noticed it." ORS 71.2010(10). The first disclaimer is titled "Warranty." Unlike the other sections on the back of the invoice, the disclaimer is not preceded by language in bold, capitalized type that is larger than the surrounding text and that describes the paragraph's content. Further, unlike any of the other headings, the title "Warranty" is centered on the page leading one to believe that a warranty would follow, rather than a disclaimer. It is not conspicuous and is potentially misleading. We agree with the trial court that, as a matter of law, the first disclaimer is not conspicuous.

■■    The difference between the first disclaimer and the second disclaimer is that the second disclaimer title is set off

from the surrounding text. The title "Limitations of Liability" is flush with the margin left toward the bottom of the page. The print is bold, capitalized and larger than the surrounding text. It is slightly separated from the paragraphs above and below it. The second paragraph under this section, which contains the disclaimer regarding "loss of revenue," is in all capital letters. It is slightly separated from the first paragraph. We conclude that, as a matter of law, the second disclaimer is conspicuous. Contrary to what plaintiff argues, it does not necessarily follow that, because one disclaimer is inconspicuous, that both disclaimers are inconspicuous.

Plaintiff also argues that the phrase "in no event" following the words "shall not exceed the cost of correcting or replacing such defective material or services in accordance with the aforementioned warranties," makes the second disclaimer ambiguous. The determination of whether a contract provision is ambiguous is a question of law. *Hoffman Construction v. Fred S. James & Co.*, 313 Or 464, 469, 836 P2d 703 (1992). A provision is ambiguous if it has no definite meaning or if it is capable of more than one reasonable interpretation; it is unambiguous if its meaning is so clear that it precludes doubt by a reasonable person. *CH2M Hill Northwest, Inc. v. Parktel I, Inc.*, 107 Or App 461, 465, 812 P2d 840 (1991).

We find that the phrase "in no event" does not make the previous sentence or the second disclaimer ambiguous. "In no event" makes it sufficently clear that defendant will not be liable for any incidental or consequential damages, including loss of revenue.

We need not address plaintiff's remaining arguments.

Affirmed.